UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| N.T.C., et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al, <br><br> Defendants. | Case No. 18-cv-1626 DMS (JLB) <br><br> **ORDER RE PLAINTIFFS' NOTICE OF DEFENDANTS' NON-COMPLIANCE WITH TEMPORARY RESTRAINING ORDER** |

      Plaintiffs are a putative class of migrant children who were systematically separated from their parents by the Government after crossing the United States-Mexico border. Following separation from their parents, the children were relocated to New York State. On July 16, 2018, Plaintiffs filed the present action in the Southern District of New York after concerns arose about the manner in which these children and their parents were being reunified and the Government's intent to immediately remove some of the families upon their reunification. The case was transferred to this Court on July 19, 2018, to be coordinated with the related case of *Ms. L. v. U.S. Immigration and Customs Enforcement, et al.*, Case No. 18-cv-0428 DMS (MDD) (S.D. Cal.). In *Ms. L.*, this Court granted a classwide preliminary injunction requiring the Government to reunite the parents with their children by

July 26, 2018, on a showing that the parents' fundamental right to family integrity under the Fifth Amendment to the United States Constitution had been violated. (*Ms. L.*, ECF No. 83.)  The children in the present case were subject to that reunification order.  Plaintiffs claim that the Government is (1) detaining some of the children with their parents in facilities that do not meet applicable legal standards for the children, and (2) planning to repatriate children as a family unit with their parents without regard to the children's rights to pursue their own individual asylum claims.

In light of these concerns, Plaintiffs sought and obtained a temporary restraining order from the district court in New York ("New York TRO") on July 17, 2018, prior to transfer of the case to this Court, wherein Defendants were enjoined from removing certain children from New York "without providing forty-eight (48) hours' advance notice of such forthcoming action to children and their counsel (including, without limitation, the location to which the minor child client will be moved, the location where the child's parent or parents currently reside, and whether the movement is for the purpose of release, detention, and/or repatriation)[.]" (ECF No. 9.)  On August 6, 2018, Plaintiffs filed the subject Notice of Non-Compliance.

Initially, Plaintiffs argue that the "notice of impending transfer" sent to Plaintiffs' counsel by Defendants on July 21, 2018, does not comply with the terms of the New York TRO.  Plaintiffs correctly point out that the notice only indicated whether a child would be released or detained, and lacked clarity as to whether a child would be repatriated with the parent.  But this issue is moot in light of the completed reunifications as well as the provisional relief granted in a related case. *See M.M.M. v. Sessions*, Case No. 18-cv-1832 DMS (MDD) (S.D. Cal. Aug. 16, 2018) (ECF No. 55) (order enjoining removal of family and finding likelihood of success on children's mandamus claim to pursue asylum relief).

/ / /

Next, Plaintiffs contend Defendants' notice does not comply with the terms of the New York TRO because it erroneously stated that three children would be released into the community upon reunification with their parent, when in fact they are presently detained with their parent. Plaintiffs seek release of these three children on two separate grounds: (1) Defendants violated the terms of the New York TRO, and (2) detention of the children violates their rights under the *Flores* Settlement Agreement, citing *Flores, et al. v. Sessions, et al.*, Case No. 85-cv-4544 DMG (AGR) (C.D. Cal. Feb. 2, 2015). Each argument fails for the reasons discussed below.

First, Defendants have complied with the TRO. Defendants informed Plaintiffs' counsel on at least two occasions that the notice reflected only current information, but that Defendants could not provide "assurances regarding future enforcement decisions." (*See* Response to Notice, Ex. 2.) Specifically, Defendants stated the information contained therein may be subject to amendment based on changed circumstances because custody and removal determinations are made at the time the parent and child are detained together in ICE custody. (*See id.*, Exs. 1 & 2.) For example, in one case, the parent's order of removal became final only after notice was provided to Plaintiffs' counsel. (*See* Declaration of Mellissa B. Harper ¶ 5.) These are fluid events and involve many considerations within the peculiar province and expertise of the executive branch. This Court has made clear in *Ms. L.* that matters of release and detention, and enforcement of criminal and immigration laws are ordinarily within the sound discretion of the Attorney General. The Ninth Circuit has also made that clear. *See Comm. of Cent. Am. Refugees v. I.N.S.*, 795 F.2d 1434, 1439–40 (9th Cir. 1986) (stating "prudential considerations preclude[] interference with the Attorney General's [exercise of] discretion" in selecting the detention facilities where aliens are to be detained). Under these circumstances, the Court declines to exercise jurisdiction and grant the requested relief.

/ / /

Plaintiffs' second argument fares no better.  The Government correctly points out that in *Ms. L.* the parents agreed, and the Court ordered, that parents "may choose to remain in DHS custody together with his or her child  ... [and] waive, on behalf of the child, the assertion of rights under the *Flores* Settlement Agreement to be released, including the rights with regard to placement in the least restrictive setting appropriate to the minor's age and special needs, and the right to release or placement in a 'licensed program[.]'"  (*Ms. L.*, ECF No. 192.)  On July 9, 2018, Judge Dolly M. Gee entered a consistent order, holding parents in *Ms. L.* may waive their children's rights to prompt release and placement in state-licensed facilities[,]" among other rights provided by the *Flores* Settlement Agreement.  (*See Flores*, ECF No. 455 at 6) ("'[P]laintiffs in this case have always *agreed* that detention of the family together is permissible if the parent consents.'") (quoting Notice of Compl. at 9); (*see also id.*) ("[T]he right of parents to make decisions concerning the care, custody, and control of their children is a fundamental liberty interest protected by the Due Process Clause.") (citing *Fields v. Palmdale Sch. Dist.,* 427 F.3d 1197, 1204 (9th Cir. 2005)).  Accordingly, there is no violation of the *Flores* Settlement Agreement.

Finally, Plaintiffs seek release of one child who is presently detained with his or her parent at Karnes County Residential Center in Texas.  Plaintiffs argue that upon receiving Defendants' notice of intention to detain certain children post-reunification, nine of those children filed a habeas petition in a related lawsuit, *E.S.R.B., et al. v Sessions, et al.*, Case No. 18-cv-6654 GHW (S.D.N.Y.), which also was transferred to this Court.[1]  The child in question apparently was inadvertently transferred from New York even though the child's habeas petition was pending. That child, consistent with the other eight children, has an "expressed fear of detention" and seeks reunification in a "non-detained setting[.]" (*See* Notice of Non-

---

[1] *See E.S.R.B., et al. v Sessions, et al.*, Case No. 18-cv-1699 DMS (MDD) (S.D. Cal.).

1  Compliance at 3.)  For the reasons set out above, the Court respectfully declines to
2  intervene in the considered judgment of executive branch officials on such matters.
3  *See Comm. of Cent. Am. Refugees*, 795 F.2d at 1439–40.
4      **IT IS SO ORDERED.**
5  Dated:  August 16, 2018

                                   Hon. Dana M. Sabraw
                                   United States District Judge