JOSEPH H. HUNT
Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE N. MURLEY
Trial Attorney
District Court Section, Office of Immigration Litigation
U.S Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 616-0473
Fax: (202) 305-7000
Email: Nicole.Murley@usdoj.gov

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney
California Bar No. 94918
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
619-546-7125
619-546-7751 (fax)


*Attorneys for Federal Respondents*

1

2

UNITED STATES DISTRICT COURT

3

SOUTHERN DISTRICT OF CALIFORNIA

4

N.T.C., et al.

5

Petitioner-Plaintiff,

6

vs.

7

U.S. IMMIGRATION AND CUSTOMS

8

ENFORCEMENT, et al.,

9

Respondents-Defendants.

Case No. 3:18-Cv-1626-DMS-JLB

**Joint Status Report**

10

11    The Court ordered the parties to file a joint status report on September 20, 2018, in

12    anticipation of the telephonic status conference scheduled for September 21, 2018, at 1:00

13    p.m. PST. The parties submit this joint status report in accordance with the Court's

14    instruction.

15    **Defendants' Position:**

16    At the September 14, 2018 status conference, Defendants agreed to provide to

17    Plaintiffs' counsel information on 6 children whose parents are *Ms. L.* class members and

18    who are separately represented in three lawsuits. *See N.T.C. v. ICE*, No. 18-01626 (S.D.

19    Cal.); *R.G.H. v. Sessions*, No. 18-1769 (S.D. Cal); *E.S.R.B. v. Sessions*, No. 18- 1699 (S.D.

20    Cal.).[1]   Defendants provided that information for those 6 children, and explained that for 3

21

---

[1] These three cases were initially brought in the Southern District of New York. *N.T.C. v. U.S.*

of those minors, their parents have waived reunification and their release to other sponsors is now proceeding outside of the pending litigation and subject to the normal procedures under the Trafficking Victims Protection Reauthorization Act (the TVPRA). Counsel for the *R.G.H.* plaintiffs has now informed the government that they intend to ask this Court to intervene and expedite the release of these 3 minors. Counsel's request would be inappropriate and unwarranted. The release process for minors whose parents have waived reunification, and who are in the process of being discharged to other sponsors under the TVPRA, is outside the scope of this litigation. *See* Notice Regarding Implementation of Plan for Reunifications Abroad, ECF 189 at 5 (filed Aug. 16, 2018). Below the government provides more context for the children involved in these cases and explains why this request is improper. This includes background on the cases, the informal information-sharing that the government is providing for these three cases, and the government's efforts to swiftly reunify or properly discharge the children involved.

On July 16 (before these cases were transferred to this Court), the Southern District of New York issued an order in *N.T.C.* that temporarily restrained Defendants "from taking any action to remove minor children clients of the Legal Aid Society from New York State who are in ORR custody without providing forty-eight (48) hours' advance notice of such forthcoming action to children and their counsel (including, without limitation, the location to which the minor child client will be removed, the location where the child's parent or

---

*Immigration and Customs Enforcement*, No. 18-6428 (S.D.N.Y), filed July 16, 2018; *E.S.R.B. v. Sessions*, No. 18-6654 (S.D.N.Y.), filed July 24, 2018; *R.G.H. v. Sessions*, No. 18-6791 (S.D.N.Y.), filed July 27, 2018. These cases were transferred to this District to be heard by this Court as cases related to *Ms. L.*

parents currently reside, and whether the movement is for the purpose of release, detention, and/or repatriation) . . . ."  Defendants have complied with the TRO notice requirements. *N.T.C.*, No. 18-6428 (S.D.N.Y.), ECF 51 at 3.

Notwithstanding Defendants' compliance with the *N.T.C.* TRO, separate counsel in all three cases, as well as the various counsel of record in the minors' immigration proceedings, contacted the government with multiple requests for additional information about the minors. The government was under no affirmative obligation to provide such additional information. But it agreed to provide the additional information and updates on 100 minors from New York who were identified by New York Legal Aid ("NYLA") as being subject to any of the three lawsuits. After meeting and conferring with NYLA, the parties agreed to a system where NYLA would coordinate requests for information. The parties have a chart of information related to the reunification process for these 100 minors that they update and exchange on a regular basis.

Almost all of those minors who were eligible for reunification within the United States have now been reunified, and the government is working to quickly reunify the remaining children. A number of the minors have *Ms. L* class-member parents who have been removed and are eligible for reunification under the Court-approved reunification plan. Those home-country reunifications are proceeding as well.

Some of the minors within the group of 100 are seeking sponsorship placements under the TVPRA. Two important considerations bear on the timing of discharges of children to sponsors.

First, the government's ability to initiate the sponsorship placement process under the TVPRA is dependent on the ACLU/Steering Committee providing the government with the relevant parent's wishes—only then can the government proceed consistently with the preliminary injunction in *Ms. L.* In order to comply with its obligations under the *Ms. L.* preliminary injunction and the Court-approved reunification plan, the government cannot release the child to a sponsor based solely on NYLA's or individual counsel's indication of the child's wishes. Rather, individual counsel must confer with the *Ms. L.* ACLU/Steering Committee to ascertain the parents' wishes as well, and the ACLU/Steering Committee must convey those clear wishes to the government. The government has provided counsel with the contact information for the ACLU/Steering Committee for that purpose.

Second, the government notes that once the ACLU/Steering Committee advises the government that the minor's *Ms. L* class-member parent has waived reunification, in accordance with the Court-approved reunification plan in the *Ms. L* case, and the minor's release then proceeds under the usual TVPRA procedures. *See* ECF No. 189 at 5 ("For children whose parents decline reunification, the parent is removed from the class, and the child proceeds in the U.S. pursuant to the standard, TVPRA-governed ORR sponsorship process."). Such discharges may occur only after the TVPRA process is complete. That process is legally and operationally separate from the reunification process under *Ms. L.* It also takes longer because it involves more steps than reunification. Because the TVPRA process is outside the purview of this litigation, the government has informed NYLA and other counsel that inquiries regarding the suitability analysis and release procedures under

the TVPRA should be made directly to HHS by an individual who has a Form G-28 on file with HHS. Only an individual with a G-28 on is authorized to engage directly with the Federal Field Specialist ("FFS") overseeing each child's case to assist with and finalize that discharge process. This engagement occurs consistent with the ordinary TVPRA process, and not pursuant to an individualized, expedited, court-managed version of that process. If needed, the government is willing to provide counsel with the name and contact information for the relevant FFS.

These two points explain why *R.G.H.* counsel's announced request is improper and unwarranted. The children identified by that counsel (Ms. Heller) at the most recent status conference fall into the category discussed in the first point: their parents have been removed, and the government needed confirmation of the parents' elections from the ACLU Steering Committee. As of September 17, the ACLU/Steering Committee advised the government that the parents of all three of these minors have waived reunification. For these minors, their release from care then proceeds (as discussed above) under the usual TVPRA procedures. Those procedures, however, take time—they are (as the Court has recognized) more extensive than the procedures that apply for reunification with *Ms. L.* class-member parents. And more to the point of Ms. Heller's announced request, those procedures are outside the purview of the *Ms. L* injunction. It is therefore improper for *R.G.H.* counsel to seek expedited TVPRA treatment for these children in the context of this case. At all events, the government is working expeditiously. It is important that it take care to get the TVPRA processes right—and not short-circuit those processes by imposing an artificial deadline

selected by counsel instead of the timing of the TVPRA-governed ORR sponsorship process.

In addition, Defendants provide the following updated information about the 100 individual minors about whom Plaintiffs' counsel have requested information in *N.T.C.* This data reflects approximate numbers maintained by ORR as of at least September 17, 2018. These numbers are dynamic and continue to change as the reunification process moves forward.

- Children discharged from ORR care: 67 of 100
- Children discharged by being reunified with separated parent: 49
- Children discharged under other appropriate circumstances: 18
- Children in ORR care, parent in class: 13 of 100
- Adult presently outside the U.S.: 10
- Adult presently inside the U.S.: 3
- Children in ORR care, parent out of class: 16 of 100
- Children remaining in care where further review shows they were not separated from parents by DHS: 4
- Children remaining in care with parent presently departed from the United States whose intent not to reunify has been confirmed by the ACLU pursuant to *Ms. L.*: 7
- Children remaining in care where a final determination has been made they cannot be reunified because the parent is unfit or presents a danger to the child: 5
- Children whom Defendants have not been able to identify as children of adults who are *Ms. L* class members: 4

**Plaintiffs' Position:**

As of the time of writing, Plaintiffs' information indicates that:

One child is seeking reunification with a *Ms. L* class member.

Twenty-four children are in ORR custody awaiting release to a sponsor.

Two of those were plaintiffs in *RGH et al. v. Sessions*. Counsel in RGH et al. v. Session et al. conferred with Defendants, pursuant to the Court's instructions, concerning the status of three children who were waiting to be released to sponsors.  Since then, H.E.M.'s sponsor was approved and he has been released.  However, two children, W.O.S.L. (A# ###-##7-720) and N.O.O.Y. (A# ###-##7-709), remain detained.  In W.O.S.L.'s case, Defendants stated that the process is waiting for the receipt of fingerprint results for a household member.  It is *RGH* Counsel's understanding that the fingerprints for this household member were taken on July 2, 2018, thus they will be asking the Court to instruct Defendants to expedite processing of those fingerprints.  In N.O.O.Y.'s case, Defendants stated that the process is currently pending the receipt of fingerprints needed in connection with an emergency care plan.  It is RGH Counsel's understanding that N.O.O.Y.'s sponsor has been approved, thus they will be asking the Court to instruct Defendants to release N.O.O.Y. to his sponsor pending approval of the emergency care plan.

Three children are seeking reunification with parents from whom they were not separated. One parent has been "red flagged" but it is not clear which parent or what impediment exists to reunification for the other two children.

Twelve children remain in ORR custody who are seeking repatriation.

DATED: September 20, 2018                 Respectfully submitted,


                                          */s/ Nicole N. Murley*
                                          NICOLE N. MURLEY
                                          Trial Attorney
                                          Office of Immigration Litigation
                                          Civil Division
                                          U.S. Department of Justice
                                          P.O. Box 868, Ben Franklin Station
                                          Washington, DC 20044
                                          (202) 532-4824
                                          (202) 616-8962 (facsimile)
                                          Nicole.Murley@usdoj.gov


                                          ADAM L. BRAVERMAN
                                          United States Attorney
                                          SAMUEL W. BETTWY
                                          Assistant U.S. Attorney

                                          *Attorneys for Respondents-Defendants*


                                          Jennifer Levy (*admitted pro hac vice*)
                                          JLevy@legal-aid.org
                                          Gregory Copeland (*admitted pro hac vice*)
                                          GCopeland@legal-aid.org
                                          Elizabeth Rieser-Murphy (*admitted pro hac vice*)
                                          ERieser-Murphy@legal-aid.org
                                          THE LEGAL AID SOCIETY
                                          199 Water St.
                                          New York, N.Y. 10038
                                          Telephone:   (844) 955-3425
                                          Facsimile:    (212) 509-8914

                                          Harrison J. Frahn (State Bar No. 206822)
                                          hfrahn@stblaw.com
                                          SIMPSON THACHER & BARTLETT LLP
                                          2475 Hanover Street
                                          Palo Alto, California 94304
                                          Telephone:   (650) 251-5000
                                          Facsimile:    (650) 251-5002

                                          *Attorneys for Plaintiffs*